**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL McNEIL, | No. 13-16059 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01005-RRB |
| v. | |
| ORTIZ SINGH, M.D.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, Chief Judge, Presiding[**]

Submitted February 18, 2014[***]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner Michael McNeil appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs and invasion of his privacy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed McNeil's deliberate indifference claims because, at most, McNeil alleged a mere difference of opinion regarding the course of his medical treatment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *see also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed McNeil's informational privacy claims. *See Seaton v. Mayberg*, 610 F.3d 530, 533-35 (9th Cir. 2010) (holding that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them); *see also Hebbe*, 627 F.3d at 341-42.

The district court did not abuse its discretion by dismissing McNeil's claims

without leave to amend because McNeil cannot correct the defects in his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

**AFFIRMED.**